**Javier TINOCO–OROZCO, aka Javier Tinoco, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 99–70983.

I & NS No. A35–813–689.

United States Court of Appeals, Ninth Circuit.

Submitted * Aug. 9, 2001.

Decided Nov. 14, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before SCHROEDER, Chief Judge,
D.W. NELSON and RAWLINSON,
Circuit Judges.

## MEMORANDUM **

Javier Tinoco–Orozco petitions for review of an order of the Board of Immigration Appeals finding him removable as an aggravated felon under INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii). Petitioner was convicted on September 4, 1997 of driving under the influence of alcohol with multi-

ple prior convictions, in violation of California Vehicle Code §§ 23152(a) and 23175.

In *United States v. Trinidad–Aquino*, 259 F.3d 1140 (9th Cir.2001), we held that driving under the influence of alcohol and causing bodily injury, in violation of California Vehicle Code § 23153, is not a "crime of violence" as defined in 18 U.S.C. § 16. We reasoned that § 23153 can be violated through negligence, whereas a "crime of violence" can be committed only with a mental state of at least recklessness. *See Trinidad–Aquino*, 259 F.3d at 1144–1146.

Section 23152 is similar to § 23153, but lacks the element of bodily injury. Like § 23153, it can be violated through negligence, as can § 23175, which criminalizes multiple convictions. We therefore hold that Tinoco–Orozco was not convicted of a "crime of violence," and accordingly was not convicted of an aggravated felony as defined by 8 U.S.C. § 1101(a)(43)(F).

PETITION GRANTED.

**Marcos CONTRERAS–SANCHEZ,
Petitioner,**

**v.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.